**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: GEORGE A. CLEMENTS,
<u>Debtor.</u>

CULLINAN ASSOCIATES, INCORPORATED,

<u>Plaintiff-Appellant,</u>

No. 97-1656

v.

GEORGE A. CLEMENTS,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CA-96-915-R, BK-92-2216-7-HPR, AP-92-257)

Argued: October 27, 1997

Decided: November 24, 1997

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Howard J. Beck, Jr., GENTRY, LOCKE, RAKES &
MOORE, Roanoke, Virginia, for Appellant. Neil Edward McNally,
KEY & TATEL, P.C., Roanoke, Virginia, for Appellee. **ON BRIEF:**
Leisa K. Ciaffone, GENTRY, LOCKE, RAKES & MOORE, Roa-
noke, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cullinan Associates, Inc., a creditor of George A. Clements, appeals from a decision of the district court granting Clements a discharge in bankruptcy. Cullinan claimed that Clements fraudulently transferred property and made false statements under oath in connection with his bankruptcy case in violation of 11 U.S.C.A. § 727 (West 1993), and therefore was not entitled to a discharge. Because the bankruptcy court's finding that Clements did not possess actual intent to defraud is not clearly erroneous, we affirm.

Clements was the president and stockholder of George's, Inc., a flower shop in Roanoke, Virginia. In 1989, a fire damaged a portion of the shop's building. Clements subsequently contracted with Cullinan to repair the premises. After the repairs were made, a dispute arose between the parties concerning the balance due on the construction contract; and in March 1992, Cullinan obtained a state court judgment against Clements for $14,018.93, representing principal due for the work performed plus interest. Between March and September, Clements paid Cullinan approximately $11,500. In September, the state court awarded Cullinan attorney's fees of $12,233.05 plus interest. Immediately thereafter, on September 30, 1992, Clements filed a Chapter 7 petition for bankruptcy. On October 28, 1992, Clements' business, George's, Inc., also filed a Chapter 7 petition for relief. Prior to filing either bankruptcy petition, Clements formed Calla Lily, Inc., another floral shop, which bought a large amount of its inventory from George's, Inc.

Cullinan filed a proof of claim for $14,286.41 on November 2, 1992, and subsequently filed a complaint in the bankruptcy court seeking a denial of Clements' discharge. Cullinan alleged that Clements fraudulently transferred property to Calla Lily as prohibited by 11 U.S.C.A. § 727(a)(2) (West 1993); that Clements, as an insider,

violated 11 U.S.C.A. § 727(a)(7) (West 1993); and that Clements made a false oath in violation of 11 U.S.C.A. § 727(a)(4)(A) (West 1993). In response, Clements admitted that there were inaccurate statements in the corporate bankruptcy petition. He attributed these inaccuracies, however, to the "lapse" in time between the preparation of the documents in early October and their actual filing at the end of the month. Moreover, he contended that he was "confused" during the November 1992 creditors' meetings, and had not intended to mislead anyone when he misstated the status of George's, Inc. The bankruptcy court rejected Cullinan's contentions and, concluding that Clements did not act with actual fraudulent intent, granted the discharge. See In re: Clements, No. 7-92-02216-HPR-7 (Bankr. W.D. Va. Aug. 17, 1994).

Cullinan appealed the bankruptcy court's decision. The district court remanded the case to the bankruptcy court to make additional findings. See Cullinan Assocs., Inc. v. Clements , C.A. No. 94-0819-R (W.D. Va. Feb. 17, 1995). The bankruptcy court reaffirmed its earlier findings, again granting the discharge. See In re: Clements, No. 7-92-02216-HPR-7 (Bankr. W.D. Va. Sept. 24, 1996). The district court affirmed, holding that the bankruptcy court was not clearly erroneous in its findings that Clements did not act with actual intent to defraud, that he had no intent to delay or hinder his creditors, that he did not knowingly make a false statement or oath, and that he was not recklessly indifferent to the truth. See Cullinan Assocs., Inc. v. Clements, C.A. No. 95-0915-R31-R (W.D. Va. Apr. 16, 1997). This appeal followed.

After a careful review of the briefs and record, and after hearing oral arguments from counsel, we, too, conclude that the bankruptcy court's findings were not clearly erroneous. Accordingly, we affirm for the reasons set forth in the district court's order of April 16, 1997. See Cullinan Assocs., Inc. v. Clements, C.A. No. 95-0915-R31-R (W.D. Va. Apr. 16, 1997), aff'g In re: Clements , No. 7-92-02216-HPR-7 (Bankr. W.D. Va. Sept. 24, 1996).

AFFIRMED